# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HARTLINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-0518-MJR |
| ) | |
| EDWARDS ASSOCIATES, LLC d/b/a ) | |
| ROUTE 66 MOBILE HOME PARK, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

On June 3, 2009, Hartline filed this action in the Circuit Court of Madison County, Illinois. On July 10, 2009, Defendant removed the case to this District Court alleging that subject matter jurisdiction exists under the federal diversity statute, 28 U.S.C. § 1332 (Doc. 2). Defendant later confirmed that the parties are in fact completely diverse, as Hartline is a citizen of Illinois and the Defendants' members are all citizens of Missouri (Doc. 10). Now, Hartline seeks to amend his complaint by adding new defendants pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 20(a)(2)** (Doc. 14). Specifically, Hartline seeks to pursue claims against Jesse Gipson and Darla Martin, whose joinder would destroy diversity, as each is a citizen of Illinois. The Defendant opposes the motion because it would require the Court to remand the action to state court.

**28 U.S.C. § 1447(e)** provides the Court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Whether or not to permit a plaintiff to join new parties to an action is committed to this District Court's sound discretion. *See Chavez v. Illinois State Police*, **251 F.3d 612, 632 (7th Cir. 2001).**

The Defendant notes that by seeking joinder under **Rule 20**, Hartline implicitly admits that Gipson and Martin are not required parties—if they were, the motion to join them as defendants would have been brought under **Rule 19.** Even so, the Defendant does not contest that joinder of these parties would be proper under **Rule 20**. Indeed, the claims Hartline seeks to raise against Gipson and Martin arise from the same underlying occurrence that provides the basis for Hartline's claims against the Defendant. As such, common questions of fact exist as between the Defendant and the parties Hartline seeks to join.

And though the Court recognizes that Gipson and Martin may not be necessary parties, judicial economy demands that the claims be tried together. This is especially true where the case is only in its infant stages and joinder would cause no prejudice to the Defendant. It is important to note that there is no indication in the record that Hartline seeks to join Gipson and Martin only to avoid the reach of this Court's jurisdiction. Under the circumstances, the Court finds that joinder comports with the principles of fundamental fairness.

Having fully considered the parties' filings, the Court hereby **GRANTS** Hartline's motion to join Gipson and Martin as defendants (Doc. 14). Because the joinder of these parties destroys diversity, the Court **REMANDS** the action to the Circuit Court of the County of Madison, Illinois. This case is now closed.

**IT IS SO ORDERED.**

**DATED this 7th day of August 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**